**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 25-198-DLB-CJS**

**RALPH JENNINGS** **PLAINTIFF**

**v.** **MEMORANDUM OPINION AND ORDER**

**FUN.COM, INC., et al.,** **DEFENDANT**

* * * * * * * * * * * * * * * *

## I.   INTRODUCTION

This matter is before the Court upon Defendants FUN.com, Inc., Nikki Job, Virginie Schena, and Amy Weiner's Partial Motion to Dismiss for failure to state a claim (Doc. # 7) and Plaintiff Ralph Jennings's Motion for Leave to Amend Complaint (Doc. # 15). Both motions have been fully briefed and are ripe for the Court's review. For the following reasons, Defendants' Partial Motion to Dismiss is **denied** and Plaintiff's Motion for Leave to Amend Complaint is **granted**.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In the context of a motion to dismiss, the Court must accept as true all the factual allegations contained in the Complaint. Plaintiff's Complaint alleges the following:

On August 7, 2023, Plaintiff, a Black male, was hired as a Seasonal Inventory Ground Operations worker at the FUN.com Kentucky distribution center in Elsmere, Kentucky. (Doc. # 1 ¶ 12). From early in his employment until his termination on January 9, 2025, Plaintiff was subjected to ongoing racial harassment and discrimination by

1

Manager Chris Brasher, Supervisor Summer Salvidar, and Quality Control Lead Brandon Ramey.  (*Id*. ¶ 13).  During Plaintiff's employment at FUN.com, Brasher repeatedly made racially insensitive comments to Plaintiff including racial stereotypes, racial slurs, and general name calling.  (*Id*. ¶¶ 15-19).  Plaintiff estimates that from the time he was hired until December 2024, he was subjected to at least forty (40) incidents of racial harassment and discrimination by Brasher.  (*Id*. ¶ 20).  During this time, Plaintiff repeatedly reported Brasher's misconduct to the Human Resources ("HR") Manager Defendant Amy Weiner; however, Weiner took no corrective action.  (*Id*. ¶ 21).  After Plaintiff began reporting Brasher's discriminatory conduct, Brasher retaliated against Plaintiff by monitoring his conversations, refusing to give him credit for projects he worked on, and declining to consider or recommend Plaintiff for promotions.  (*Id*. ¶ 22).  Specifically, Plaintiff claims that during this time he repeatedly applied for permanent positions but was passed over each time for less-qualified Caucasian employees.  (*Id*. ¶ 24).

In May of 2024, Salvidar and Ramey began to repeatedly use racial slurs when addressing Plaintiff.  (*Id*. ¶ 27).  Plaintiff estimates that these incidents occurred twice a day for several weeks, totaling between thirty (30) and eighty (80) times.  (*Id*. ¶ 28). Plaintiff again reported these incidents to Weiner who initially prevented him from submitting a statement but eventually allowed Plaintiff to report the harassment on July 8, 2024.  (*Id*. ¶ 30).  An investigation into Plaintiff's complaint resulted in the termination of Ramey on July 11, 2024.  (*Id*. ¶ 31).  No disciplinary action was taken against Salvidar. (*Id*.).

Following Ramey's termination, Plaintiff alleges that Defendants "engaged in a deliberate scheme to manufacture false and pretextual allegations in an effort to cause

2

Plaintiff's termination in retaliation for his prior complaints of racial discrimination." (*Id*. ¶ 33). For example, Plaintiff was suspended after Salvidar accused him of chronic tardiness. (*Id*. ¶ 34-36). Upon investigation by Weiner, however, it was revealed that Salvidar's complaint was a false accusation based on Salvidar's intentional manipulation of the schedule to make it appear as if Plaintiff was late. (*Id*.). Plaintiff was subsequently allowed to return to work on September 6, 2024. (*Id*. ¶ 36).

Following his return, Plaintiff continued to face retaliation in the form of disciplinary write-ups, reassignments, repeated promotion and wage increase denials, and limitations to what he was permitted to access on the network system. (*Id*. ¶¶ 36-48). Plaintiff brought this to the attention of Chief People Officer Defendant Virginie Schena. (*Id*. ¶ 41). Despite Schena's awareness of the racial harassment Plaintiff continued to face, she did not take any action to investigate or correct the harassment. (*Id*.). On December 4, 2024, after a coworker had complained of smelling marijuana, Plaintiff was terminated. (*Id*. ¶ 51). The worker who made the complaint was later suspended, and Weiner reached out to Plaintiff to notify him his termination was a mistake and offered him reinstatement of his position. (*Id*.). Plaintiff accepted Weiner's offer and was reinstated on December 18, 2024. (*Id*. ¶ 52).

Plaintiff continued to experience racial hostility at the hands of Defendants until January 9, 2025, when he attempted to access his computer system with his login credentials and found he was locked out. (*Id*. ¶ 53). When he inquired about why he was denied access, Weiner instructed Plaintiff to reapply for employment for the next season. (*Id*.). Plaintiff did so but was never rehired. (*Id*.). Thus, Plaintiff claims he was terminated effective January 2025. (*Id*.).

On November 24, 2025, Plaintiff filed this action against Defendants FUN.com, Inc., Amy Weiner, Nikki Job, and Virginie Schena.  In his Complaint, Plaintiff alleges three counts of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Count I), 42 U.S.C. § 1981 (Count II), and Kentucky Revised Statutes ("KRS") § 344.450 (Count III), and punitive damages pursuant to Title VII and § 1981 (Count IV).  On February 23, 2026, Defendants filed a Partial Motion to Dismiss for failure to state a claim (Doc. # 7).  On June 4, 2026, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. # 15).  Both motions have been fully briefed and are ripe for the Court's review.

## III.   ANALYSIS

### A.   Standard of review

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend the complaint." *Gallaher & Assocs. Inc., v. Emerald TC, LLC*, No. 3:08-cv-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)).  "If the court grants a motion to amend, 'the original pleading no longer performs any function in the case.'"  *McIlwain v. Jefferson Cnty.*, No. 3:25-cv-40-RGJ, 2026 WL 711552, at *3 (W.D. Ky. Mar. 13, 2026) (citing *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citations omitted).  Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal."  *Stepp v. Alibaba.com, Inc.*, No. 3:16-cv-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

4

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15. Under Rule 15, a plaintiff can amend his complaint one time within twenty-one days of serving the original complaint or at any point before the defendant answers the complaint. Fed. R. Civ. P. 15(a)(1).  Rule 15 further provides that even if the party does not seek the amendment within those twenty-one days, the court may give leave to permit such an amendment and should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The United States Supreme Court has read Federal Rule 15 broadly and the Sixth Circuit has recognized that 'where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Miller v. Alco Mgmt., Inc.*, No. 5:22-cv-00208-MAS, 2024 WL 1600667, at *6 (E.D. Ky. Feb. 21, 2024) (quoting *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 182 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962))).

"A proposed amendment is futile if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)—or in other words, if the amended complaint fails to state a claim."  *Id*. (citing *Doe v. Mich. State Univ.*, 989 F.3d 418, 424-25 (6th Cir. 2021)).  Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has "'state[d] a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  A complaint does not have to show that liability is probable, but the plausibility standard "asks for more than a sheer

5

possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).  If a reasonable court "can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys v. Humana, Inc.* 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  In adjudicating a motion to dismiss, a court should accept the plaintiff's allegations as true and then determine whether the plaintiff has pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  In short, a claim cannot survive a motion to dismiss if the plaintiff has not pled sufficiently plausible facts to support a "viable legal theory" with respect to all material elements of each claim. *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

### B.    Motion to Amend

As previously noted, Rule 15(a)(1) allows for a one-time automatic amendment to a complaint if done within twenty-one days of service of the original complaint.  Fed. R. Civ. P. 15(a)(1).  If the party seeks to amend the complaint after those twenty-one days have expired, a court may allow the amendment, unless "the amendment is brought in bad faith, for dilatory purposes, results in the undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).  Plaintiff filed his Motion for Leave to file an amended complaint on June 4, 2026, which is outside of the twenty-one-day window under Fed. R. Civ. P. 15(a)(1).  Therefore, although Plaintiff may not amend his complaint as a matter of right, the Court may allow him to amend his complaint if justice so requires.  Fed. R. Civ. P. 15(a)(2).

In his proposed Amended Complaint, Plaintiff seeks to (1) add Chris Brasher, Brandon Ramey, and Summer Salvidar as Defendants; (2) split each of the original Complaint's three combined "Discrimination and Retaliation" causes of action into separate Discrimination and Retaliation counts under each relevant statute and specify which Defendants are liable under each count; and (3) include minor revisions to the Statement of Facts. (Doc. # 15-1 at 1). Plaintiff argues that the proposed amendments "would not prejudice any party and would further the interests of justice." (Doc. # 15-1 at 4). Defendants disagree, arguing that the amendments would be futile and cause undue delay and prejudice. (Doc. # 18 at 2-4).

### 1. Undue Delay or Prejudice

Defendants argue that the addition of Brasher, Ramey, and Salvidar as defendants would cause undue delay and prejudice because Defendants have already engaged in discovery and have expended time, costs, and resources to brief their Partial Motion to Dismiss. (*Id*. at 4).[1]

---

[1]    Defendants additionally argue that there is no good cause for the addition of Brasher, Ramey, and Salvidar because "Plaintiff had 90 days to bring a suit following the EEOC's issuance of its Determination and Notice of Rights letter. . . . [and] [t]he 90-day deadline has since passed without a justifiable reason for not naming Additional Defendants in the Complaint." (Doc. # 18 at 4-5). However, Plaintiff argues that his Amended Complaint "does not alter the Title VII claims in any way" and the additional defendants are "only for the claims asserted under KRS § 344.260 and 42 U.S.C. § 1981 and have been added well within the limitations period for such actions." (Doc. # 19 at 8-9). Plaintiff is correct. Plaintiff's Title VII claim—which, outside of being split into separate "discrimination" and "retaliation" claims, remain generally unaltered—is inapplicable to the individual employee Defendants. *See Galey v. May Dept. Stores Co.*, 9 F. App'x 295, 299 (6th Cir. 2001) (noting that "individual employees cannot be held liable under Title VII."). Brasher, Ramey, and Salvidar are only being added to the claims under KRS § 344.260 and 42 U.S.C. § 1981, neither of which are enforced by the Equal Employment Opportunity Commission ("EEOC"). *See* U.S. EEOC, *Other Employment and Civil Rights Laws Not Enforced by the EEOC*, https://www.eeoc.gov/other-employment-and-civil-rights-laws-not-enforced-eeoc ("The EEOC does not enforce [Section 1981 of the Civil Rights Act of 1866]") (last visited July 8, 2026); *see also* U.S. EEOC, *Laws*, https://www.eeoc.gov/laws ("The EEOC is charged by Congress with enforcing several *federal* workplace equal employment opportunity laws prohibiting

Plaintiff filed his Motion for Leave to Amend three months after Defendants' Partial Motion to Dismiss became ripe.  Under the circumstances, three months is not an undue delay.  *See Bergner v. Derr*, No. 3:19-cv-593-RGJ, 2020 WL 473647, at *2 (W.D. Ky. Aug. 14, 2020) (concluding that a proposed amended complaint filed two months after a motion to dismiss became ripe was not an undue delay).  This conclusion is supported by the fact that Plaintiff filed his Motion to Amend in accordance with the June 5, 2026, deadline set by this Court's Scheduling Order (Doc. # 11), which was based upon the parties *joint* Rule 26(f) Report (Doc. # 10).  *See United States ex rel Yashi v. Festo Didactic, Inc.*, No. 1:22-cv-478, 2026 WL 607953, at *2 (S.D. Ohio Mar. 4, 2026) (finding no undue delay when the motion to amend was filed in accordance with the "initial deadline . . . agreed to by both Relator and Defendant" and the extended deadlines were unopposed by the defendant).

Additionally, the Court does not find that the addition of three new defendants would cause prejudice by way of surprise considering Defendants themselves acknowledged that "the alleged primary offenders" were Brasher, Salvidar, and Ramey. (Doc. # 7-1 at 2).  Indeed, Defendants went so far as to state that it is "clear that the Complaint is focused on the conduct of employees *other than* any of the Employee Defendants[.]"  (*Id*. at 13) (emphasis in original).  Thus, given that Defendants were certainly aware that Plaintiff had until June 5, 2026 to amend his Complaint, and that Brasher, Salvidar, and Ramey played a significant part in the alleged discrimination, their addition would not be prejudicial.  Certainly, given that a large part of the original

---

discrimination.") (emphasis added).  Therefore, the addition of Brasher, Ramey, and Salvidar would not be prevented by the EEOC's 90-day deadline, considering that the claims to which Brasher, Ramey, and Salvidar are subject are simply not enforced by the EEOC.

8

Complaint focused on the conduct of Brasher, Salvidar, and Ramey, their addition did not introduce new causes of action or relevant time periods. *Festo Didactic*, 2026 WL 607953, at *2 ("Courts have found undue prejudice where a proposed amended complaint alleges new claims which relate to a different time period and an entirely different set of facts[.]").

Furthermore, while Defendants assert they have engaged in discovery, Plaintiff argues that this "overstates the issue" and that "[o]nly Defendant FUN.com has served written discovery . . . Plaintiff has not yet served his own discovery, and no depositions have been taken or requested by any party." (Doc. # 19 at 9). Accordingly, Plaintiff's Motion to Amend will not cause prejudice because it was not filed in an untimely manner, the parties have engaged in minimal discovery, and dispositive motion deadlines have yet to pass. *See Mersen USA – Midland-MI Inc. v. Graphite Machining Servs. & Innovations, LLC,* No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012) ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed."); *Cordle v. Enovis Corp.*, No. 0:23-cv-93-DLB-EBA, 2024 WL 1432455, at *3 (E.D. Ky. Jan. 11, 2024) (finding no prejudice when the parties had not "engaged in any meaningful discovery."); *Taylor v. Fam. Health Ctrs., Inc.*, No. 3:25-cv-583-RGJ, 2026 WL 84415, at *4 (W.D. Ky. Jan. 12, 2026) (finding no prejudice because the case was "in its early stages" and "Defendants [had] only filed motions to dismiss at [that] point.").

Accordingly, Defendants have not shown that they would suffer undue delay or prejudice if the Motion to for Leave to amend was granted.

## 2. Futility

Defendants additionally seem to allege that the Amended Complaint is futile. (*See* Doc. # 18 at 2) (noting that Defendants "reiterate their arguments contained in their Partial Motion to Dismiss" arguing that "[n]othing in Plaintiff's Motion for Leave to Amend Complaint . . . addresses the arguments requiring the dismissal of Employee Defendants[.]"). "A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)); *see also Hussein v. Beecroft*, 782 F. App'x 437, 443 (6th Cir. 2019) ("A proposed amendment is futile where it would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.").

A court in this district recently acknowledged that due to the "cyclical nature that the futility analysis and the 12(b)(6) motion to dismiss present, courts often postpone the futility analysis until after the amended complaint has been filed." *Summit Locations v. Neal*, No. 5:25-cv-229-GFVT, 2026 WL 1602725, at *3 (E.D. Ky. June 4, 2026). In fact, the court opined, "'many courts, for reasons of practicality decline to engage in futility analysis at the motion to amend phase, and opt instead to assess questions of plausibility later when ruling on the motion to dismiss.'" *Id*. (quoting *Restocon Corp. v. Metro. Knoxville Airport Auth.*, No. 3:23-cv-142, 2023 WL 6614416 at *2 (E.D. Tenn. Aug. 25, 2023)); *see also McIlwain v. Berry*, No. 3:23-cv-130-CHB, 2024 WL 4279311, at *8-9 (W.D. Ky. Nov. 8, 2024) (anticipating the defendant would "re-file her motion to dismiss" after the Court found "the 'liberal' standards for amendment and significant preference to

10

decide cases on their merits and avoid piecemeal litigation" weighed in favor of granting the motion to amend).

District courts throughout this circuit have repeatedly held the same. *See Restocon*, 2023 WL 6614416, at *2 ("Defendant's futility arguments largely track those it raised in its Motion to Dismiss the First Complaint []. Such arguments are more appropriate for resolution after Plaintiff files its First Amended Complaint."); *Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809, 814 (E.D. Mich. 2009) ("This Court does not read [Sixth Circuit case law] as requiring the Court to determine futility before it grants a motion to amend the complaint, but rather stating that futility is a permissible basis for denying a motion to amend."); *Taylor*, 2026 WL 84415, at *5 ("[T]he Court finds that it would be more practical to assess the merits of the amended complaint after it has been filed and after Defendants have filed any renewed motions to dismiss."); *Artrip v. Norfolk Southern Railway Company*, No. 2:08-cv-200, 2008 WL 11452526, at *2 (E.D. Tenn. Aug. 15, 2008) ("Strictly from a pragmatic standpoint, if a proposed amendment to a complaint is futile, the safer course of action for both the defendant and the court, or so it would seem, would be to allow the amendment.").

The Court agrees with the logic expressed above and finds it appropriate to assess the futility of the Amended Complaint after it has been filed and a new renewed motion to dismiss, if deemed necessary, be filed. *See Nichols v. Village of Minerva, Ohio*, No. 5:14-cv-613, 2015 WL 845714, at *3 (N.D. Ohio Feb. 25, 2015) ("[D]efendants' opposition contends that some, but not all, of plaintiffs' claims are futile and that the amendment should not be allowed on those claims. While this may be true, the Court finds that the most efficient way to address these and other issues relating to the sufficiency of plaintiffs'

11

allegations is to permit amendment and then allow defendants an opportunity to file a motion to dismiss the second amended complaint if they desire to do so.").

### C.   Motion to Dismiss

"Courts often find pending motions to dismiss moot when the plaintiff attempts to address the deficiencies in the amended complaint."  *Summit Locations*, 2026 WL 1602725 (citing *Stepp*, 2016 WL 5844097, at *2); *see also Taylor*, 2026 WL 84415 at *5 ("Given that [the plaintiff's] amended complaint attempts to correct the deficiencies in her original complaint, it would be more appropriate for the Court to allow the parties to submit renewed briefing on the amended complaint than to decide the merits of the amended complaint at this stage[.]").  However, in the event the amended complaint is substantially identical to the original complaint, it may be insufficient to moot the motion to dismiss. *Summit Locations*, 2026 WL 1602725, at *4.

Here, Plaintiff separates the original four claims into seven distinct claims, and distinguishes which Defendant each claim applies to.  (*Compare* Doc. # 1 *with* Doc. # 15-2).  He additionally adds three defendants and includes clarifying facts.  (*See generally* Doc. # 15-2).  The Court finds that "this is far from the 'rare case' where the amended complaint is substantially identical to the original.'" *Summit Locations*, 2026 WL 1602725, at *4 (quoting *Pleasant View Baptist Church v. Beshear*, No. 20-cv-166, 2021 WL 4496386, at *3 (E.D. Ky. Sept. 30, 2021)).

Moreover, the proposed Amended Complaint attempts to address at least some of the alleged deficiencies which Defendants argue support a dismissal.  For example, Defendants contend that Count III of the original Complaint, which alleged Racial Discrimination and Retaliation pursuant to KRS § 344.450 as to all Defendants, fails

12

because (1) there is no individual liability for discrimination under § 344.450 and (2) the Complaint failed to sufficiently allege retaliation. (Doc. # 7-1 at 10). In the Amended Complaint, Plaintiff separates Count III into two separate causes of action. (Doc. # 15 at 20-21). As to discrimination under § 344.450, he alleges only Defendant FUN.com is liable. (*Id*. at 20). As to the retaliation claim, Defendants argue that the Complaint "does not sufficiently allege a cause of action for retaliation[.]" (Doc. # 7-1 at 13). Defendants assert that there are no allegations at all with respect to Schena and Job, and the allegations as to Weiner are merely conclusory. (*Id*.). In the Amended Complaint, it is clear Plaintiff attempts to remedy this, by alleging that Job "suspended Plaintiff based on allegations that were later proven to be false" and that the same day Defendant Saldivar falsely accused him of tardiness Weiner and Job "effectively demoted Plaintiff to the returns department." (Doc. # 15-2 ¶¶ 39, 42).

Moreover, Defendants argue Plaintiff's § 1981 claims fail as to Weiner, Job, and Schena because the Complaint "fails to make such allegations against any of the Employee Defendants other than the fact that they were somewhere on the management chain." (*Id*. at 8). Defendants point to the lack of description of each of their job duties and identify an absence of factual allegations that support their individual involvement in the discrimination. (*Id*. at 8-10). In the Amended Complaint, Plaintiff includes more robust job descriptions for Weiner, Job, and Schena. (Doc. # 15-2 ¶¶ 7-9). Additionally, the Court was able to identify several factual allegations as to Job, that she was not previously included in. (*See id*. ¶ 42 ("Defendants Brasher, Sadivar, Job, and FUN.com suspended Plaintiff based on allegations that were later proven to be false."); *id*. ¶ 39 ("Defendants Weiner, Job, and FUN.com effectively demoted Plaintiff to the Returns Department and

13

instructed Plaintiff not to communication with Defendants Saldivar or Brasher in any form.")).

It is clear to the Court that the proposed Amended Complaint and Plaintiff's original Complaint are not identical, and the Amended Complaint attempts to address some of the issues raised in Defendants' Partial Motion to Dismiss.  "Perhaps the amended complaint clarifies some of these matters. [] Or perhaps not. It is the Defendants' task to review the new allegations and decide, in the first instance, whether the amended complaint warrants any alterations to their motion to dismiss." *Summit Locations*, 2026 WL 1602725, at *4.  Accordingly, "to ensure this matter is resolved on the merits, the Court concludes the most practical and efficient course of action is to allow the amendment and consider any arguments pertaining to the plausibility of Plaintiff's claims in the context of a [renewed] motion to dismiss, whereby the Parties can fully brief the sufficiency of the allegations." *Restocon*, 2023 WL 6614416, at *2.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   Plaintiff's Motion for Leave to file an Amended Complaint (Doc. # 15) is **GRANTED**;

(2)   The Clerk of Court **SHALL FILE** Plaintiff's Proposed Amended Complaint (Doc. # 15-2) as Plaintiff's First Amended Complaint**;** and

(3)   Defendants' Motion to Dismiss (Doc. # 7) is **DENIED AS MOOT**, with leave to refile in accordance with Federal Rule of Civil Procedure 15(a).

This 4th day of August, 2026.



Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2025\25-198 MOO .docx